**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN PICKERING-GEORGE, (adopted) JOHN R. DALEY, JR.,

                              Plaintiff,

- v -                            Civ. No. 1:11-CV-741
                                            (MAD/RFT)

OFFICE OF THE ATTORNEY GENERAL, MARIO CUOMO;
ATTORNEY GENERAL OF THE UNITED STATES, US
DEPARTMENT OF JUSTICE (DOJ); US DEPARTMENT OF
JUSTICE, ANGELA L. BYERS; EXECUTIVE OFFICE FOR US
ATTORNEYS, DIRECTOR K.E. MELSON; US ATTORNEY
OFFICE, NORTHERN DISTRICT OF NEW YORK; US MARSHAL'S
SERVICE, *Northern District of New York*; SOLICITOR GENERAL
OF THE UNITED STATES; OFFICE OF THE GENERAL
INSPECTOR/INVESTIGATORS; and OFFICE OF INSPECTOR
GENERAL,

                              Defendants.

**APPEARANCES:**                          **OF COUNSEL:**

JOHN PICKERING-GEORGE
Plaintiff, *Pro Se*
100 West 174th Street
Apt. 6-D[1]
Bronx, New York 10453

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a *pro se* Complaint filed by John T. Pickering-George (Adopted) John R. Daley, Jr., pursuant to the Freedom of Information Act (FOIA), codified at 5 U.S.C. § 552 *et seq.* Dkt. No. 1, Compl. Plaintiff has also filed a Motion for Leave to Proceed *in Forma Pauperis* (IFP). Dkt. No. 2.

---

[1] It appears from the Complaint that Plaintiff's correct apartment number is "6-D", not "G-D" as listed on the docket. *See* Dkt. No. 1, Compl. at pp. 1B & 8.

## I. DISCUSSION

### A. *In Forma Pauperis* Application

Accompanying Plaintiff's Complaint is a Motion for Leave to Proceed with this Action *In Forma Pauperis*. Dkt. No. 2. After reviewing that Application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

Our review of Plaintiff's submission, however, does not end there for we must also, pursuant to 28 U.S.C. § 1915(e)(2), review the adequacy of the stated claims within the Complaint.

### B. Section 1915 and Rules Governing Pleading Requirments

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Other pleading guidelines are found in the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

> Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:
>
> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its

face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### C. Allegations in the Complaint

Plaintiff asserts that his rights under FOIA were violated when his requests for documents were not responded to by the Defendants. Plaintiff names a multiple Defendants whom he claims failed to respond, including some individuals. Apparently, on or about July 7, 2010, Plaintiff asked the Office of the Attorney General to disclose for inspection and copying the following:

> CERTAIN RECORDS CONSISTING GENERALLY OF, DOCUMENTS, OFFICIAL FORMS OF LIBERTY INTEREST, RELEASE-DISMISSAL, IMMUNITY FROM PROSECUTION, WHICH RELATE TO, JURISDICTION, STATUTES, SERVICE OF PROCESS, ILLEGAL ADMINISTRATIVE POLICY OR PRACTICE, EXHAUSTION OF ADMINISTRATIVE REMEDIES, ADMINISTRATIVE DELAYS AND IN WHICH PLAINTIFF HAS AN INTEREST BY REASON OF, OBSTRUCTION OF JUSTICE, RIGHTS OF DUE PROCESS, CIVIL LIBERTY, LIBERTY ASSOCIATED CONCEPTS.

Compl. at p. 3, Section III.

Plaintiff also asserts that on or about March 24, 2009, he served a "PETITION MEMORANDUM of LAW" on the Office of the Attorney General, the U.S. Department of Justice, and the Federal Bureau of Investigation "IN REGARDS TO, RELEASE-DISMISSAL OF ANY CONVICTION, VINDICTIVE PROSECUTION FOR CIVIL RIGHTS ACTIONS, 'MOTIONS' FOR DISMISSAL OF INDICTMENTS BOTH FEDERAL AND STATE ATTORNEY GENERAL, AND DISTRICT AND PROSECUTING ATTORNEYS." *Id*. at pp. 4-5.

Plaintiff does not provide any further specifics with regard to either requests and it is impossible for this Court to decipher precisely what Plaintiff sought from the various named agencies. The Complaint is far from clear and it may be more helpful if Plaintiff had provided more factual information in his Complaint, as well as the actual FOIA request. Furthermore, with regard to any named individual Defendants, we note that FOIA grants the district courts jurisdiction to

enjoin an agency from withholding agency records that have been improperly withheld from the plaintiff.  5 U.S.C. § 552(a)(4)(B).  "Agency" has been defined as "any executive department . . . or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  *Tomscha v. Giorgianni*, 2004 WL 1234043, at *3 (S.D.N.Y. June 3, 2004) (citing 5 U.S.C. § 552(f)).  Thus, this statute only authorizes FOIA claims against agencies, **not individuals**.  *Id.*; *see also Jefferson v. Reno*, 123 F. Supp. 2d 1, 3 (D.D.C 2000) ("Individual federal officials are not proper defendants in a FOIA action because it is the *agency's* responsibility to produce records.").

In sum, Plaintiff's Complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief.  As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  However, in light of the Plaintiff's *pro se* status, this Court recommends that prior to dismissing this action, Plaintiff be directed to amend his Complaint to provide clearer details regarding his FOIA request(s) and to name the proper parties.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Plaintiff's Complaint **dismissed** for failure to state a claim; and it is further

**RECOMMENDED**, that alternatively, in light of his *pro se* status, prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to amend his Complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on

Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 27, 2011
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge