**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN PICKERING-GEORGE, (adopted) JOHN R. DALEY, JR.,**

                          **Plaintiff,**

   vs.                                            1:11-CV-741
                                                        (MAD/RFT)

**OFFICE OF THE ATTORNEY GENERAL, MARIO CUOMO; ATTORNEY GENERAL OF THE UNITED STATES, US DEPARTMENT OF JUSTICE (DOJ); US DEPARTMENT OF JUSTICE, ANGELA L. BYERS; EXECUTIVE OFFICE OF US ATTORNEYS, DIRECTOR K.E. MELSON; US ATTORNEY OFFICE, NORTHERN DISTRICT OF NEW YORK; US MARSHAL'S SERVICE,** *Northern District of New York*; **SOLICITOR GENERAL OF THE UNITED STATES; OFFICE OF THE GENERAL INSPECTOR/INVESTIGATORS; and OFFICE OF INSPECTOR GENERAL,**

                          **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**JOHN PICKERING-GEORGE**
100 West 174th Street
Apt. 6-D
Bronx, New York 10453
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     Familiarity with this matter is presumed based upon this Court's prior Order adopting

United States Magistrate Judge Randolph R. Treece's Report-Recommendation. (Dkt. Nos. 3 and

5). In that prior Order, the Court provided the *pro se* plaintiff with an opportunity to submit an

amended complaint.   On September 15, 2011, plaintiff provided an amended complaint.  *See* Dkt. No. 6.

Upon review of the amended complaint, Magistrate Judge Treece issued a Report-Recommendation and Order, dated October 5, 2011, recommending that the action be dismissed due to plaintiff's failure to state a claim and comply with the Federal Rules of Civil Procedure. *See* Dkt. No. 7 at 2.  Plaintiff failed to object to Magistrate Judge Treece's October 5,2011 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error.  *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Having reviewed Magistrate Judge Treece's Report-Recommendation and Order, the Court concludes that Magistrate Judge Treece correctly found that plaintiff's amended complaint fails to state a claim.  Plaintiff was afforded an opportunity to correct the defects in his complaint and filed an amended complaint that Judge Treece noted "is even less clear" than the original complaint.  Accordingly, dismissal is warranted.  *See Kampfer v. County of Fulton*, 1997 WL 48990, at *2 (2d Cir. 1997) ("the principle that permission to amend to state a claim should be freely granted is inapplicable where there is no possibility that the defects in the complaint can be cured and where the plaintiff has already been given one opportunity to amend his complaint).

The Court hereby

**ORDERS** that Magistrate Judge Treece's October 5, 2011 Report-Recommendation and Order is **ADOPTED**; and the Court further

**ORDERS** that the complaint is dismissed in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 28, 2011
       Albany, New York

Mae A. D'Agostino
U.S. District Judge